UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DAYSEAN MONTGOMERY, | ) | |
|---|---|---|
| | ) | Case No. 3:25-cv-111 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| ROBERT GIBSON, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") inmate, filed (1) a motion regarding processing of a grievance and seeking a stay of this action, which the Clerk docketed as a complaint (Doc. 1); (2) various attachments to this motion (Doc. 1-1), including a Title VI grievance (*id.* at 10–14); and (3) a motion for leave to proceed *in forma pauperis* (Doc. 4). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (*id.*) will be **DENIED as premature**, and this action will be **DISMISSED without prejudice** to Plaintiff filing a complaint.

First, while the Clerk docketed Plaintiff's motion as a complaint (Doc. 1), even liberally construing this motion in Plaintiff's favor, it is apparent that it is not a complaint but rather a motion in which Plaintiff requests that the Court (1) require TDOC officials to examine a grievance (presumably the Title VI grievance attached to the motion, in which Plaintiff claims that Defendant Robert Gibson used a racial slur towards him while telling him to cut his hair (Doc. 1-1 p. 10–14)), so that Plaintiff may comply with Tenn. Code Ann. § 41-21-806(a), which provides that "[a]n inmate who files a claim that is subject to review by the grievance committee . . . shall file with

the court an affidavit stating the date that the grievance was filed and the date the final decision was received by the inmate with a copy of the final decision from the grievance committee"; and (2) stay this action while Plaintiff completes the grievance process in accordance with Tenn. Code Ann. § 41-21-806(c), which provides that "if a claim is filed before the grievance procedure is complete, the court shall stay the proceeding with respect to the claim for a period not to exceed ninety (90) days to permit completion of the grievance procedure" (Doc. 1 p. 1–5; Doc. 1-1 p. 1).

But the Prison Litigation Reform Act ("PLRA"), rather than Tenn. Code Ann. § 41-21-806, applies to determine whether Plaintiff may proceed in this action without first exhausting his administrative remedies. And the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "proper exhaustion" of prisoners' administrative remedies for all claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, prisoners must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

It is apparent from the substance of his motion that Plaintiff did not exhaust his available administrative remedies prior to filing this action, and Plaintiff has not provided any reason he could have done so without the Court's assistance prior to filing this action. Accordingly, Plaintiff's motion requesting that the Court require TDOC officials to process his grievance and otherwise requesting relief under Tenn. Code Ann. § 41-21-806 (Doc. 1) is **DENIED**.

Moreover, as Plaintiff has not filed a complaint herein, he has not commenced an action in this Court. Fed. R. Civ. P. 3 (providing that "[a] civil action is commenced by filing a complaint

with the Court.")[1]  As such, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **DENIED as premature**, and this action will be **DISMISSED without prejudice** to Plaintiff filing a complaint.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court further notes that, even if the Court could liberally construe Plaintiff's motion as a complaint, that complaint would be subject to dismissal, as it is apparent from the face of this document that Plaintiff did not exhaust his available administrative remedies for his claim(s) prior to filing this action. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007); *Barnett v. Laurel Cnty.*, No. 16-5658, 2017 WL 3402075, at *1–2 (6th Cir. Jan. 30, 2017) (affirming district court's dismissal of the complaint at screening for failure to exhaust where the complaint demonstrated on its face that the plaintiff had failed to pursue available administrative remedies) (citing *Bock*, 549 U.S. at 215, and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (providing that "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust")).